UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAGAR PHOGAT,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-04258-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 2

This habeas action concerns the detention of Sagar Phogat, a noncitizen who was released from immigration detention by the Department of Homeland Security ("DHS") in September 2022, but was recently re-detained. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. *See* ECF Nos. 1, 2. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus in part, and orders that Petitioner be provided a substantive bond hearing before an immigration judge. Petitioner's motion for a temporary restraining order is resolved as moot.[1]

I.    **BACKGROUND**

Petitioner is a citizen of India who entered the United States on or about September 27, 2022. ECF No. 1 ¶¶ 20–21. Upon entry, Petitioner was briefly detained by DHS, and then released from custody "on an Order of Release on Recognizance." *Id*. ¶¶ 22–23. Petitioner was served with a Notice to Appear charging him with inadmissibility pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), and placing him in removal proceedings on January 3, 2024. *Id*. ¶ 24.

---

[1] In setting a briefing schedule on the habeas petition, the Court indicated that it intended to rule on the habeas petition and motion for a temporary restraining order together. ECF No. 5. Neither party objected to this process in their response.

Since his release nearly four years ago, Petitioner applied for asylum and has maintained lawful employment pursuant to a valid work authorization from USCIS. *Id*. ¶¶ 27–28.

Respondents contend that Petitioner violated the terms of his release following an arrest in October 2025 based allegations of domestic violence. *Id*. ¶ 30; ECF No. 6 at 4. In support, Respondents attached a "Warrant for Arrest of Alien" signed by an immigration officer and stating that "there is probable cause to believe that Petitioner is removable from the United States." ECF No. 6-1 at 1. Respondents also attached an I-213 Form (*id*. at 2–5), which indicates that Petitioner "came to the attention of Immigration and Customs Enforcement (ICE) pursuant to a Lead from Pacific Enforcement Response Center (PERC) because of a recent arrest[,]" but otherwise did not include any supporting documentation or other evidence. Petitioner claims that the District Attorney declined to pursue charges following his October 2025 arrest—a contention Respondents do not dispute. *See* ECF No. 1-5.

Petitioner was re-detained by ICE on June 2, 2026 while he was leaving his home on his way to work. ECF No. 1 ¶¶ 38–42. On June 4, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his re-detention without a finding of flight risk or danger violates the due process clause of the Fifth Amendment (Counts 1, 2) and the INA. *Id*. ¶¶ 87–129. He requests that he be immediately released from custody, and that the Government be enjoined from detaining him unless that they establish at a pre-deprivation hearing that he is a flight risk or danger to the community. *Id*. at 18. In opposition, Respondents argue that this Court lacks jurisdiction to hear Petitioner's claims, and in the alternative, that his detention is justified because his release was properly revoked and he may be mandatorily detained under 8 U.S.C. § 1226(c)(1)(E). *See* ECF No. 6.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas

United States District Court
Eastern District of California

2

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Petitioner asserts three claims for relief, including that his detention violates the due process clause of the Fifth Amendment (Counts 1, 2) and the INA (Count 3).  Because Petitioner's procedural due process claim affords Petitioner all the relief to which he is entitled—namely, a constitutionally adequate bond hearing—the Court need not and does not reach Petitioner's other remaining claims for relief.

### A.   Jurisdiction

Respondents argue that "DHS's decision to detain [Petitioner] during an ongoing removal proceeding … is a category of claims explicitly barred by 8 U.S.C. § 1252(g)" and sections 1252(a)(5) and 1252(b)(9).  ECF No. 6 at 3.  This Court has previously rejected this same argument in *Avila v. Warden, Golden State Annex*, No. 1:26-CV-04274 (NW), 2026 WL 1765353, at *2 (E.D. Cal. June 18, 2026) and *Enamorado v. Kaiser*, No. 25-CV-04072-NW, 2025 WL 4109736, at *4 (N.D. Cal. Nov. 3, 2025), and incorporates its reasoning from these prior orders.  Respondents misconstrue Petitioner's requested relief.  Petitioner does not challenge his final order of removal, or seek to enjoin Respondents from removing him; he asks this to Court to evaluate whether his continued detention is lawful.  "While broad, the language of these sections was 'not intended to preclude habeas review over challenges to detention that are independent of challenges to removal orders,' and the Court finds they do not bar review here." *Ortega v. Kaiser et al.*, No. 25-CV-05259-JST, 2025 WL 2243616, at *4 (N.D. Cal. Aug. 6, 2025) (quoting *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011)).

### B.   Petitioner's Re-Detention Violated Due Process.

The Court next turns to Petitioner's due process claim.  Petitioner's constitutional

United States District Court
Eastern District of California

3

challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### 1.    Liberty Interest

The Court finds that Petitioner obtained a liberty interest in his continued freedom following his release from custody nearly four years ago.  "[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond.").  As such, the Government's election to release petitioner "provided [him] with a liberty interest that is protected by the Due Process Clause." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *see also He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, 791 F.Supp.3d 1021, 1029 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, 2025 WL 1771438, at *3 (collecting cases finding that noncitizens who have been released have a strong liberty interest).

### 2.    Due Process

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).  There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official

4

action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for nearly four years. During those years he has developed ties in his community, applied for asylum, and obtained gainful employment pursuant to a valid work authorization from the Government. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, there is a risk of erroneous deprivation because Petitioner has not been afforded a hearing. In releasing Petitioner on his own recognizance in 2022, DHS necessarily concluded that he was not a flight risk or danger to the community. *Noori v. LaRose, et al.,* 2025 WL 2800149, at 13 * (S.D. Cal. Oct. 1, 2025) (In general, "'[r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'") (quoting *Saravia v. Sessions,* 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions,* 905 F.3d 1137 (9th Cir. 2018)). Redetaining Petitioner without any demonstration that he violated the terms of his release could result in a mistaken deprivation of his liberty.

The record, however, shows that Petitioner may have violated the terms of his release when he was arrested in October 2025. But the relevant question is whether that event constitutes changed circumstances that would justify an immigration judge revoking Petitioner's release.

In instances where the Government has previously detained and then released a noncitizen, Courts in this Circuit have generally ordered release and a pre-deprivation hearing. But some courts have found that, under circumstances where an individual has been arrested for a serious offense, "providing Petitioner with notice and a pre-deprivation hearing [prior to detention] would have been impracticable and/or would have motivated his flight." *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025) (collecting cases

*United States District Court*
*Eastern District of California*

ordering bond hearings, rather than release, under similar circumstances).  "[A]llowing a neutral arbiter to review the facts would significantly reduce the risk of erroneous deprivation." *Guillermo M. R.*, 791 F.Supp.3d at 1035.  Thus, the Court concludes that prompt, post-deprivation process is required here.

The final *Mathews* factor also weighs in Petitioner's favor.  Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low."  *Ortega v. Bonnar*, 415 F. Supp. 3d at 970; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025).  In immigration court, custody hearings are routine and impose a "minimal" cost.  *Id*. at 1094.  Providing Petitioner with a post-deprivation hearing here would impose a minimal burden on the Government relative to the due process concerns.

**C.     Respondents' Arguments Do Not Defeat Petitioner's Due Process Claim.**

Respondents do not engage with Petitioner's due process claim.  Rather, they argue that (1) the Government was authorized to revoke Petitioner's prior order of release under 8 C.F.R. § 236(c)(9) because he was arrested for a domestic violence-related incident in October 2025 (ECF No. 6 at 4); and that (2) Petitioner's detention is mandatory under the Laken Riley Act (*id*.).

Respondents' 8 C.F.R. § 236(c)(9) fails from an evidentiary standpoint.  This subsection provides:

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

8 C.F.R. § 236(c)(9).  Here Respondents have provided no evidence to suggest that Petitioner's release was revoked by an official with authority to do so as articulated in the regulation.  Instead, Respondents submitted a warrant for Petitioner's arrest signed by an immigration officer.  *See* ECF No. 6-1.  Respondents make no claim that this individual is authorized to revoke Petitioner's release under 8 C.F.R. § 236.1(c)(9).  *Singh v. Noem*, No. 2:26-CV-00427-KWR-KK, 2026 WL 766228, at *8 (D.N.M. Mar. 18, 2026) (rejecting respondents' reliance on 8 C.F.R. § 236(c)(9)

6

where there was no indication that petitioner's release was revoked by the appropriate official); *J.D. B.R. v. Wofford*, No. 1:25-CV-02009-TLN-CKD, 2026 WL 234661, at *3 (E.D. Cal. Jan. 29, 2026) (same). Additionally, the warrant Respondents rely on as evidence of DHS's intent to revoke Petitioner's release does not include any indication that it was issued on a finding that Petitioner violated the terms of his release. Rather, the warrant purports to be based on a determination "that there is probable cause to believe that [Petitioner] is removable from the United States"—something Respondents have known since they first served Petitioner with a Notice to Appear in January 2024.

The Court also finds that the Laken Riley Act—8 U.S.C. § 1226(c)(1)(E)—is inapplicable here. "In January 2025, Congress amended § 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing." *Montalvan Reyes v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-00441-DC-JDP (HC), 2026 WL 760264, at *3 (E.D. Cal. Mar. 18, 2026) (citing Pub. L. No. 119-1, 139 Stat. 3 (2025)). Specifically, 8 U.S.C. § 1226(c)(1)(E) makes detention mandatory for any non-citizen charged as "inadmissible" for having entered the United States without inspection under 8 U.S.C. § 1182(a)(6)(A), and who "is charged with, is arrested for, [or] is convicted of … committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, [] assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). Respondents do not specify which of these enumerated categories Petitioner's prior arrest falls into, so it is unclear whether the subsection is even applicable.

However, even assuming Petitioner's arrest falls into one of these categories, the record before the Court indicates that Petitioner was never charged, let alone convicted of any crime. *See* ECF No. 1-5. Rather, the District Attorney expressly declined to file chargers. *Id*. The majority of courts in this district that have addressed this issue have found that 8 U.S.C. § 1226(c)(1)(E) does not apply where charges have been dismissed or dropped. *See, e.g.*, *Singh v. Wofford*, No. 1:26-CV-01161-KES-EPG (HC), 2026 WL 972547 (E.D. Cal. Apr. 10, 2026) ("courts have found that [§ 1226(c)(1)(E)] provision ceases to apply when charges for a theft offense are dropped or

dismissed"); *Rueda Torres v. Francis*, No. 25 CIV. 8408 (DEH), 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025) (" the text of § 1226(c)(1)(E)(ii) does not provide for mandatory detention where, as here, charges have been dropped"), *appeal withdrawn sub nom. Torres v. Genalo*, No. 26-115, 2026 WL 1091200 (2d Cir. Apr. 15, 2026).  The statute's "use of the present tense is conspicuous and important."  *Helbrum v. Williams Olson*, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *5 (S.D. Iowa Sept. 30, 2025) (citing *Stanley v. City of Sanford*, 145 S. Ct. 2058, 2063 (2025).  "By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute[,]" such as by a conviction.  *Id.* at *5–6.

The Court finds this reasoning persuasive and holds that Petitioner may not be mandatorily detained under 8 U.S.C. § 1226(c)(1)(E) where the District Attorney declined to file any charges against him.

### D.    Burden of Proof

Given that Petitioner may not be mandatorily detained and is entitled to a hearing, the Court next turns to the appropriate burden of proof at the hearing. Respondents argue that if Petitioner is afforded a bond hearing, the burden should be on Petitioner rather than the Government to prove changed circumstances.  ECF No. 6 at 5.  In the context of a § 1226(a) bond hearing, the Ninth Circuit held that due process did not require that the burden be placed on the Government where the petitioner requested a second bond hearing.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022).  The Court, however, did not address the burden of proof applicable under the present circumstances—i.e., a situation where an individual's prior release was revoked without seemingly any process.

The Court in *Pinchi* discussed why burden-shifting is warranted for individuals—like Petitioner—who have been paroled from immigration custody after their initial detention, explaining that release "constitue[s] an 'implied promise' that her liberty would not be revoked unless she 'failed to live up to the conditions of her release.'"  *Pinchi*, 2025 WL 2084921, at *4 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).  For that reason, it is appropriate that the burden be on the Government to demonstrate at a pre-deprivation hearing that the petitioner

United States District Court
Eastern District of California

has failed to live up to those conditions. *See id.* at \*7. "Doing so is logical even for a post-detention custody hearing[.]" *M.R.R.*, 2025 WL 3265446, at \*14. "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.*

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED in part. IT IS HEREBY ORDERED that:

1.    Petitioner SHALL be provided a *substantive* bond hearing within fourteen (14) days at which an Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released.

2.    At any such hearing, the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Petitioner SHALL be allowed to have counsel present.

3.    The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: June 25, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California

9